IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | In Proceeding Under Chapter 7 |
| LATONYA McDUFFIE<br>　　　　Debtor | Case Number 16-16613 |
| | Judge:  ARTHUR HARRIS |

## DEBTOR LATONYA McDUFFIE's BRIEF IN SUPPORT OF SANCTIONS AGAINST OHIO STORAGE EUCLID LLC

This case is currently before the Court on Ms. Latonya McDuffie's [the Debtor] request for damages stemming from the post-petition sale, by Euclid self-storage [the creditor], of personal property contained in a storage locker the Debtor leased from Ohio Storage Euclid LLC. The Debtor asserts that the creditor willfully violated the automatic stay by selling post-petition the contents of her storage unit to satisfy a prepetition debt. The Debtor further charges Ohio Storage Euclid LLC is continuing to willfully violate the automatic stay by failing to return her to the status quo prior to her bankruptcy filing.

**STATEMENT OF FACTS**

Beginning sometime in 2015 the Debtor, Ms. LaTonya McDuffie, leased a storage unit from Ohio Storage Ohio, in Euclid, Ohio.

Ms. McDuffie used the unit store her overflow of miscellaneous papers, furniture, exercise equipment, and personal items. In her opinion, value of the items contained in the locker was approximately $4000.

December 2, 2016, the Debtor LaTonya McDuffie, filed a voluntary petition, under Chapter 7 of the Bankruptcy Code. At the time Ms. McDuffie filed her bankruptcy; she owed a prepetition storage debt to Ohio Storage Euclid LLC, who was properly scheduled as a creditor in the within bankruptcy.

Her bankruptcy schedules and statement of financial affairs properly disclosed, she had personal items stored with Ohio Storage Euclid LLC.

December 5, 2017 Ms. McDuffie called Ohio Storage Euclid, LLC and left a voicemail message informing Euclid of her December 2, 2016 bankruptcy filing. (see Declaration Doc. No. 14)

When she received no return call, she called them again later that same week. The next week Ms. McDuffie goes to her attorney's office to complain about of no response from Euclid, while in her attorney's office she witnessed her attorney call Euclid and leave a message, in the Euclid's general voicemail.  In the message contents Debtor's counsel informs Euclid of Ms. McDuffie's bankruptcy filing.

Ms. McDuffie again witnesses her attorney unsuccessful attempt to contact Ohio Storage by phone, she witnesses her counsel leave a message. This time her attorney's call was returned by a man who identified himself as Gary, the office manager for the Euclid location.  Counsel spoke with Gary via speaker, Ms. McDuffie witness her attorney advise Gary she had filed bankruptcy, the significance of the automatic stay and her lawyer's request Euclid return Ms. McDuffie's items.

The notice of Debtor's  Bankruptcy of filing by the Bankruptcy Noticing Center was sent December 8, 2016, to Euclid by first class mail. (Docket No. 7).

Ohio Storage Euclid LLC allege on December 6, 2016 they sold the contents of the Ms. McDuffie's storage locker post-petition, to satisfy Ms. McDuffie's pre-petition debt. Ohio Storage disputes Ms. McDuffie notified them on December 5, 2016 that she had filed bankruptcy.

However, there is no dispute that Ohio Storage Euclid LLC sold the contents of the locker, after Ms. McDuffie filed for Chapter 7 relief, and, within at the most 7 days of their selling the Debtor's property, Euclid was aware Ms. McDuffie had filed for Chapter 7 protection and their obligations as a creditor subject to the automatic stay.

In addition to the initial phone calls, Debtor's counsel wrote Ohio Storage Euclid LLC four letters (See Debtor's Exhibits 1-4):

- January 5, 2017
- January 19, 2017
- January 27, 2017
- February 15, 2017

All letters reminded Euclid of Debtor's bankruptcy and requested Ohio Storage Euclid LLC return or reimburse Ms. McDuffie the value of the items sold.

In addition to counsel writing letters, and the phone calls witness by Ms. McDuffie, Debtor's counsel called Ohio Storage Euclid LLC at least five more times. Each time she reminded Ohio Storage Euclid LLC of Ms. McDuffie's bankruptcy, their violation of the stay, and requested Euclid either return Debtor's property or its value.

Debtor's attorney did everything to mitigate damages, even to the point of advising Euclid on numerous occasions, to retain an attorney familiar with bankruptcy law.

February 3, 2017 Ohio Storage Euclid LLC, through an email sent to Debtor's counsel, admitted they sold the contents of Ms. McDuffie's storage locker post-petition and declared despite counsel's repeated request; Euclid would neither return the items sold or reimburse Ms. McDuffie for the value of her property. (See Debtor's Exhibit 5)

As of today, Ohio Storage Euclid LLC refuses to return the items or their value.

Finally, February 26, 2017 Debtor filed with the Bankruptcy Court a Motion requesting the Court hold Ohio Storage Euclid LLC in contempt and sanction them for willful and continuous violation of the automatic stay of Section 362(a) and 362(k) of the Bankruptcy Code and for actual damages, attorneys' fees, and punitive damages. (Docket No. 10).

On March 21, 2017, the Court held a hearing on Debtor's motion. Only Debtor's attorney appeared. At the Court's direction on March 30, 2017 Debtor's attorney filed declaration. (Docket No. 14).

**LAW and ARGUMENT**

Under section 362(a) of the United States Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the Debtor. This provision "has been described as `one of the fundamental debtor protections provided by the bankruptcy laws.''Midatlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503, 106 S.Ct. 755, 761, 88 L.Ed. 859 (1986) (quoting S.Rep. No. 989, 95th Cong., Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate. It is intended to "stop[ ] all collection efforts, all harassment, and all foreclosure actions." S.Rep.2d No. 989, 95th Cong., Sess. 54, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date

of the filing of the petition ... and formal service of process will not be required." 2 Collier on Bankruptcy ¶ 362.03 (15th ed. 1988) (footnotes omitted). Actions taken in violation of the automatic stay generally are void, even if the creditor had no notice of the stay. *See, e.g., In re Clark,* 60 B.R. 13, 14 (Bankr.N.D.Ohio 1986) (Creditor "had not known of Debtor's filing at the time of repossession but ... it was, nonetheless, required to return the vehicle to Debtor."); *In re Advent Corp.,* 24 B.R. 612 (Bankr. 1st Cir.1982) (acts in violation of automatic stay are void regardless of lack of knowledge); Collier, *supra,* ¶ 362.03 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.").

A creditor that acts in violation of the automatic stay of the bankruptcy code and after receiving notice of the bankruptcy filing fails to return to the status quo, is liable for the damages that result from its willful violation, including costs, attorney's fees, and punitive damages. *In re Sermrsheim* 97 B. R. 885, 888-889 (Bankr. N.D. Ohio 1989) (citing *In Holman*, 92 B.R. 764 (Bkrtcy. S.D. Ohio 1988); *Matter of Brock* 58 B.R. 797, 806 (Bkrtcy, S.D. Ohio 1986)

Ohio Storage Euclid LLC admits they sold Ms. McDuffie's property after she filed her bankruptcy, but they contend when they sold the property they were unaware Ms. McDuffie had filed a chapter 7 bankruptcy.  This defense, to Debtor's claim of a violation of the automatic stay has no merit, once Ohio Storage Euclid LLC learned Ms. McDuffie had bankruptcy protection Euclid had an affirmative duty to restore the status quo. *See In re Smith*, 876 F.2d 524, 526 (6th Cir. 1989) (creditor had not known of Debtor's filing at the time of repossession but was, nonetheless, required to return vehicle); *Dawson v. J & B Detail, LLC* (*In re Dawson*), Adv. No. 05-1463, 2006 WL 2372821 at *8 (Bankr. N.D. Ohio July 28, 2006) ("While the Court does not expect instantaneous compliance with section 362 upon receipt of notice [of the bankruptcy], the

Court does expect those acts which violate the automatic stay to be stopped and/or corrected within a reasonable time").

See also In re Roberts, 175 B.R. 339, 343 (B.A.P. 9th Cir. 1994). Even if, a creditor was initially unmindful of the automatic stay, they had an affirmative duty to stop or correct their actions that continued to violate the stay once they were made aware of the stay.

The term "willful," while not defined in the Bankruptcy Code, has been interpreted to simply mean acting intentionally and deliberately while knowing of the bankruptcy petition. *Hudson v. United States (In re Hudson),* 168 B.R. 449, 453 (Bankr.S.D.Ga.1994); *Aponte v. Aungst (In re Aponte),* 82 B.R. 738, 742 (Bankr.E.D.Pa. 1988) To avoid violating § 362(a), a creditor is not only required to refrain from certain activity, but may be required to take affirmative action. *See In re O'Neal*, 165 B.R. 859, 862.

Ohio Storage Euclid LLC , has taken no affirmative action to rectify the prohibited sale, they have yet to return or compensate Ms. McDuffie for the items sold in violation of the automatic stay. Furthermore, even after Debtor's counsel's many letters and phone calls, Euclid through an email sent to Debtor's counsel, on February 3, 2017, admitted they sold the contents of Ms. McDuffie's storage locker post-petition and declared despite counsel's repetitive request, Ohio Storage Euclid LLC smugly professed "there will be no reimbursement" (Debtor's Exhibit 5).

A willful violation occurs "when the creditor knew of the stay and violated the stay by an intentional act." *Sharon v. TranSouth Fin. Corp. (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999). It does not require proof of a specific intent to violate the stay, rather, it requires that the acts which violate the stay be intentional. *Id.*; *Lansdale Family Rest., Inc. v. Weiss Food Serv. (In re Lansdale Family Rest., Inc.)*, 977 F.2d 826, 829 (3d Cir. 1992). Indeed, "where the

creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." *Fleet Mortg. Group*, *Inc. v. Kaneb* (*In re Kaneb*), 196 F.3d 265, 269 (1st Cir. 1999).

Accordingly, Ohio Storage Euclid LLC's "intentional act" was their self-proclaimed refusal to return the items or their value even in the face of knowledge of Ms. McDuffie's bankruptcy.

Ohio Storage Euclid LLC received one, the Bankruptcy's Court's notice of Ms. McDuffie's bankruptcy filing. two, the Debtor's verbal phone notice, and three, Debtor attorney's notice via, voicemail, telephone contact and letters. Ohio Storage Euclid LLC's behavior is the textbook definition a willful and continuing violation of the automatic stay.

To enforce creditor compliance with the automatic stay, the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, * * *" 11 U.S.C. § 362(k) Ms. McDuffie lost items which she valued at $4,000.

**ATTORNEY FEES**

Section 362(k) authorizes an award of attorney's fees reasonably incurred to remedy a stay violation, including fees incurred in prosecuting the damages action that § 362(k) authorizes. *In re Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015) (en banc); *In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008); *In re Duby*, 451 B.R. 664, 674-77 (B.A.P. 1st Cir. 2011).

"[a]n award of damages is mandatory under [current subsection 362(k)] when a violation of the automatic stay is found to be `willful'." *In re Bivens,* 324 B.R. at 42; *see also In re Johnson,* 253 B.R. at 861. Costs and attorney's fees are regularly awarded as actual damages from violations of the stay. *Cf. United States v. Harchar,* 331 B.R. 720 (N.D. Ohio 2005) Ms. McDuffie has

incurred attorney fee resulting from prosecution of Ohio Euclid Storage's violation of automatic stay.

## THE COURT SHOULD AWARD PUNITIVE DAMAGES BASED UPON OHIO STORAGE EUCLID LLC'S ACTIONS.

In bankruptcy cases punitive damages are awarded by the Court, and serve the purpose as a criminal penalty. *Perviz*, 302 B.R. at 373. The goal is to punish the creditor for its wrongful conduct and to deter the creditor from further conduct of the same nature. Id. (citing *Memphis Community Sch. Dist. V. Stachura*, 477 U.S. 299, 307 fn. 9, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1989); *Dunning*, 269 B.R. at 364-65; *Kortz*, 283 B.R. at 713. in situations where this policy function would be furthered, most court decisions have held, and this Court subscribes to the legal tenet that bankruptcy courts have the inherent power to punish parties for their contemptuous violation of the automatic stay provision through the imposition of punitive damages. *Perviz,* 302 B.R. at 372 (citing *In re Latanowich*, 207 B.R. 326 (Bak. D.Mass 1997); Walker *v. M&M Dodge, Inc.* (*In re Walker*), 180 B.R. 834 (Bankr. W.D.La 1995)); *Dunning*, 269 B.R. at 364-65; *Kortz* 283 B.R. at 713; *Archer v. Macomb Cty. Bank*, 853 F.2d 497. 500 (6th Cir. 1998).

In the *Pervis* case, the Court awarded punitive damage to the Debtor after the creditor sent numerous letters and made numerous phone call to the Debtor after the case was filed and after the discharge was entered. *Id*. at 373. the Court found that the actions of the creditor showed a "total disrespect for the bankruptcy system, thereby warranting the imposition of punitive damages." Id.

The actions by Ohio Storage Euclid LLC in the case at bar merit punitive damages. Even after numerous requests from Debtor and counsel over a five-month period for Euclid to return or reimburse the Debtor, their blatant refusal to return or reimburse Ms. McDuffie showed a conscious decision that they felt, unlike other creditors, they are not subject to the restriction of the Code. Id. at 373. Thus, the Court should grant Debtor's request for punitive damages.

**CONCLUSION**

The Debtor requests that the Court: find that Ohio's Storage Euclid LLC willfully and continuously violating the automatic stay imposed by 11 U.S.C. § 362(a) by knowingly taking actions to recover prepetition claims against Debtor LaTonya McDuffie.

She respectfully requests this honorable Court hold Ohio's Storage Euclid LLC in contempt and sanctioned them for their willful and continuing violation of the automatic stay.

She respectfully requests this honorable Court award actual damages, attorney fees, and punitive damages

Respectfully submitted,

_/s/ Joanne Brown_____
Joanne Brown (0050039)
Attorney for Debtor Latonya McDuffie
4070 Mayfield Road
Cleveland, Ohio 44121
216-851-3304 Phone
216-851-2900 Fax
Email: courtfile@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing brief was served electronically via the Court electric notice system, email or by ordinary mail this 1st day of June 2017 on the following:

| | |
|---|---|
| Jeffrey M. Levinson | Sarah S. Graham |
| jml@jml-legal.com | sgraham@pfl-law.com |

Waldemar J. Wojcik
wwojcik@ecf.epiqsystems.com


<u>/s/ Joanne Brown</u>
Joanne Brown
Attorney for Debtor