UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 16-16613 |
| | : | |
| LaTonya McDuffie, | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge Arthur I. Harris |

## OBJECTION OF OHIO STORAGE EUCLID LLC TO THE APPLICATION OF JOANNE BROWN FOR COMPENSATION

Ohio Storage Euclid LLC, dba Euclid Self Storage ("Ohio Storage Euclid"), creditor and party in interest, objects to the *Fee Application for Compensation and Expense Reimbursement* filed by Joanne Brown ("Brown") on June 7, 2017 [Doc. #26] (the "Fee Application") as counsel for LaTonya McDuffie (the "Debtor") which seeks allowance of compensation in the amount of $9,617.00 and reimbursement of expenses in the amount of $117.20 relative to the Debtor's motion for actual and punitive damages against Ohio Storage Euclid for willful violation of the automatic stay (the "Motion"), and in support thereof respectfully states as follows:

### Preliminary Statement

1. Brown's request for allowance of compensation and reimbursement of expenses in the amount requested in the Fee Application is unreasonable and excessive given the circumstances of this case. As established at the June 8, 2017 hearing on the Motion (the "Hearing") and according to the Debtor's own schedules, the value of the property which was the subject of the Motion (the "Property") did not exceed a fraction of $500.00[1], and was in any event less than the

---

[1] See Statement of Financial Affairs [Doc. # 1] question 22 stating that Debtor stored only "clothing and personal papers" with Ohio Storage Euclid and Schedule A [Doc. #1] stating value of all of Debtor's clothing, including clothing stored elsewhere and in her possession, was $500.00.

amount of Ohio Storage Euclid's secured claim[2]. Further, this Debtor has negative monthly household income of $393.30.[3] Thus, Brown incurred almost $10,000 in fees and expenses pursuing Property in which her client had no real interest and at a cost which her client could not pay. So, even assuming Ohio Storage Euclid is found to have violated the automatic stay for selling the Property – notwithstanding the lack of prior notice – and the practical and legal bars to restoring the Debtor to the *status quo ante* by returning to her the Property (given its sale) or paying her its value (given Ohio Storage Euclid's secured position), Ohio Storage Euclid respectfully submits that the Debtor suffered no actual damages and certainly that fees of the magnitude requested in the Fee Application are excessive and unreasonable since no benefit whatsoever was conferred on the Debtor or her estate by the underlying services.

**Background**

4. The relevant background of this matter is undisputed. Ohio Storage Euclid operates a "self-service storage facility," as defined in section 5322.01 of the Ohio Revised Code ("ORC"). Prior to the commencement of this case Debtor entered into a lease agreement with Ohio Storage for the purpose of storing personal property (defined previously as the "Property") at that facility. Pursuant to ORC section 5322.02 Ohio Storage therefore had a consensual lien on the Property stored under that agreement (and the proceeds thereof) for the rent and other charges due under the agreement.

5. The Debtor thereafter defaulted under the agreement and in accordance with ORC section 5322.03 Ohio Storage Euclid gave the Debtor the requisite prior notice of intent to sell the

---

[2] Testimony of Gary Holzheimer at Hearing, stating claim of Ohio Storage Euclid was in the range of $700.00.

[3] See Schedule J [Doc. # 1]

2

Property. That sale occurred at 11:00 a.m. on Tuesday, December 6, 2016 in accordance with the notice for an auction sale price of $10.00.

6. Although the Debtor commenced this case midday on December 2, 2017, the docket confirms notice of the filing was not served on Ohio Storage Euclid until after December 8, 2016. *See Certificate of Notice* filed December 8, 2016 [Doc. #7]. And, the Debtor testified that she called Ohio Storage Euclid over the weekend which followed she admitted that she did not inform Ohio Storage Euclid of the bankruptcy prior to the sale.

7. While Ohio Storage does not dispute that the sale of the Property occurred subsequent to the Petition Date, it asserts that it had no notice of the filing of this bankruptcy beforehand and that, in any event, the Debtor suffered no actual damages because the proceeds of the sale of the personal property were insufficient to satisfy the secured claim of Ohio Storage.

## Law and Argument

8. Ohio Storage Euclid submits that the compensation requested by Brown is neither reasonable nor related to services that were necessary, as is required by section 330(a)(1)(A) of title 11 (the "Bankruptcy Code") of the United States Code.[4] Indeed, and to the contrary, the

---

[4] Brown fails to cite any legal authority in support of the Fee Application. And, although section 330 of the Bankruptcy Code generally applies to professional employed by a trustee, that section does set forth a list of factors for a court to consider in determining the amount of reasonable compensation and therefore Ohio Storage Euclid respectfully submits those factors should apply here.

3

compensation requested in the Fee Application is excessive and was of no benefit to either the Debtor or the estate.

9. When analyzing the allowance and reasonableness of compensation sought by counsel to the Debtor, the Court "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - -

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title."

11 U.S.C. § 330(a)(3)(A) - (F).

10. Section 330(a)(4) of the Bankruptcy Code further provides that: "the court shall not allow compensation for - -

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case."

11 U.S.C. §330(A)(4)(a)(I) and (II).

11. "Generally, a court looks at whether services benefited the estate in determining whether to allow the fees." *In re Stark Ceramics, Inc.*, 2012 Bankr. LEXIS 1329 (Bankr. N.D. Ohio 2012) (citing 11 U.S.C. §330(a)(3)(C)).

12. Here, Brown is unable to establish that the services rendered could possibly benefit either the Debtor or the Debtor's estate. As noted, the value of the Property whether measured by the Schedules or the sale price was eclipsed by the amount of Ohio Storage Euclid's secured claim. Thus, Brown spent substantial amounts of time and energy pursuing relief that would not benefit either the Debtor personally or her estate.

WHEREFORE, the Ohio Storage Euclid respectfully requests the Court deny the Fee Application, and grant such additional relief as is just.

Dated: June 19, 2017          Respectfully Submitted,

LEVINSON LLP

/s/Jeffrey M. Levinson
Jeffrey M. Levinson (OBR 0046746)
55 Public Square, Suite 1510
Cleveland, OH 44113
(216) 403-0716
jml@jml-legal.com

Counsel for Ohio Storage Euclid LLC

## CERTIFICATE OF SERVICE

I certify that on June 19, 2017, a true and correct copy of the foregoing *Objection of Ohio Storage Euclid LLC to Application of Joanne Brown for Compensation* was served by electronic mail this 16th day of June 2017, upon counsel for the Debtor, Joanne Brown, 4070 Mayfield Road, Cleveland, Ohio 44121 at courtfile@yahoo.com.

/s/ Jeffrey M. Levinson
*Attorney for Ohio Storage Euclid LLC*